# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TERRANCE PRICE,**
**Claimant Below, Petitioner**

**vs.)  No. 11-0944**  (BOR Appeal No. 2045250)
(Claim No. 2009082841)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**FIRE MOUNTAIN RESTAURANTS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terrance Price, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Fire Mountain Restaurants, Inc., by Mark Grigoraci, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 8, 2011, in which the Board affirmed an October 20, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 11, 2009, decision denying a request to add left C7 radiculopathy, left shoulder impingement, bilateral lumbar radiculopathy, and greater occipital neuralgia as compensable conditions in the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Price was injured while working for Fire Mountain Restaurants, Inc. when he fell. The claim was subsequently held compensable for a cervical, lumbar, and sacroiliac sprain. On June 11, 2009, the claims administrator denied a request by Dr. Shramowiat to add left C7 radiculopathy, left shoulder impingement, bilateral lumbar radiculopathy, and greater occipital neuralgia as compensable conditions in this claim.

The Office of Judges held that the preponderance of the evidence did not establish a causal connection between the compensable injury and the requested additional compensable components. On appeal, Mr. Price disagrees and asserts that the evidence clearly establishes that the requested conditions were the result of his work-related injury. Fire Mountain Restaurants maintains that Dr. Shramowiat's diagnoses are not supported by objective findings, and are contradicted by Dr. Bachwitt, the treating chiropractor, and emergency room records. Dr. Shramowiat noted left shoulder complaints, complaints of radiculopathy, and problems with headaches. Dr. Kennedy, the treating chiropractor, stated that Mr. Price never complained of left shoulder problems during his visits. Dr. Bachwitt evaluated Mr. Price and found that he had sprain/strains of the cervical, thoracic, and lumbar spine.

In affirming the claims administrator's Order, the Office of Judges concluded that the claims administrator was correct to deny the addition of the requested diagnoses as compensable conditions. The Office of Judges noted that Mr. Price did not complain of radiculopathy after the compensable injury, and no objective findings indicated that he was suffering from radiculopathy related to the compensable injury. Moreover, the Office of Judges found that the evidence did not support a finding that Mr. Price's left shoulder impingement was a result of the compensable injury. It noted that Dr. Kennedy stated that Mr. Price had never complained of shoulder pain since the compensable injury. The Office of Judges also noted that Mr. Price had been seen at the emergency department of St. Joseph Hospital for headaches prior to the compensable injury, and there was no evidence that the headaches had worsened to justify adding greater occipital neuralgia as a compensable component. Thus, the Office of Judges concluded that the evidence did not establish the requested conditions were related to the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of June 8, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** March 27, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum